791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHAUNCEY KING Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1423
 United States Court of Appeals, Sixth Circuit.
 4/22/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from judgment of the district court affirming the Secretary's decision denying social security disability benefits. The issue is a very narrow one, since the plaintiff makes the single argument that substantial evidence does not support the finding of an administrative law judge, accepted by the Secretary and the district court, that plaintiff had the capacity to perform 'light' work as defined by Social Security Regulations. 20 C.F.R. Sec. 404.1567(b) and Social Security Ruling 83-10. The Regulation and Ruling between them provide that in order to demonstrate the capacity to perform a full range of light work a person must be able to stand or walk, off and on, for a total of approximately six hours out of an eight hour working day.
 
 
 2
 The testimony of the plaintiff's treating physician, which was uncontradicted, was that plaintiff is limited to standing or walking for one to two hours a day and must sit for five to six hours during a working day. The doctor also indicated that it would be necessary for the plaintiff to lie down for substantial periods of time during the day. This opinion was supported by reference to X-ray and other objective medical evidence indicating that plaintiff does have osteoarthritis and some involvement of the spine. A consultant at the University of Michigan advised plaintiff to continue antiinflamatory drugs and to 'restrict his activity and rest for symptomatic periods of time.' The Secretary produced no evidence that the plaintiff could perform work which required standing or walking for a total of five to six hours during a working day.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the decision of the Secretary, affirmed by the district court, is not supported by substantial evidence. Accordingly, the judgment of the district court is reversed and the case is remanded for further remand to the Secretary with directions to enter an award of benefits.